## No. 448

### GENDLER v. CLEVELAND RY.

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4750. Feb. 20, 1924

Middleton, P. J., Mauck and Sayre, JJ., Sitting

1245. VERDICT—Special verdict should not be submitted in narrative form where there are several alternative issues but each as a separate question.

MAUCK, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Original action in the Common Pleas for damages, wherein Benjamin Gendler was plaintiff and the Cleveland Railway Co. was defendant. Gendler alleged that a car of de-

fendant's was at a stop and that while he and others were passing in front of it, the car suddenly started and struck him, causing personal injuries. At the trial, after the evidence had been given, defendant demanded a special verdict upon all the issues of the case. Each side submitted a form of verdict. The court read to the jury each of the proposed verdicts, which were in narrative form, and then instructed the jury on the burden of proof, the law of negligence and of contributory negligence. The court did not submit the issues of fact to the jury. The jury returned the verdict prepared by defendant. This verdict declared that the street car was traveling along the street and ran into plaintiff. Plaintiff moved to be allowed to amend his petition to correspond with the verdict, and to build up a new case, but the motion was overruled. Plaintiff prosecuted error. Held:

There was no error in overruling the motion to amend, since plaintiff had pleaded and had testified to the fact that the car was standing still just before it started and struck him, and to allow him now to plead otherwise would allow him to plead his own infamy. But the trial court did commit error, first in failing to define the issues of fact and, second, in charging on the law of negligence and other legal principles which with a special verdict was wholly unnecessary and confusing. A narrative form of verdict should not be used when there are several alternative issues, proof of anyone of which may determine the judgment. A better method is for each material issue to be covered singly and independently, by a question admitting of an answer in the affirmative or negative. It is the trial court's duty to see that all the issues are submitted to the jury. Judgment reversed and cause remanded.

Attorneys—Warren M. Briggs and Alfred L. Steuer, for Gendler; Squire, Sanders & Dempsey, for Cleveland Ry.; all of Cleveland.

Having An Up-to-Date

DIGEST

GIVES THE LAWYER PREPAREDNESS

and CONFIDENCE

Consult the Abstract

Digests Frequently